ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE QUESTION OF WHETHER A CITY PLANNING COMMISSION MEMBER MAY SIMULTANEOUSLY SERVE AS A SCHOOL BOARD MEMBER. BECAUSE THE ANSWER TO YOUR REQUEST HAS BEEN ADDRESSED BY A PREVIOUS ATTORNEY GENERAL OPINION (SEE A.G. OPIN. NO. 75-136, ENCLOSED), THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE GENERAL PROHIBITION AGAINST DUAL OFFICE HOLDING IS FOUND AT 51 O.S. 6 (1991), WHICH PROVIDES IN PERTINENT PART:
 "EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE AND NO DEPUTY OF ANY OFFICER SO HOLDING ANY OFFICE, SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE OR BE THE DEPUTY OF ANY OFFICER HOLDING ANY OFFICE, UNDER THE LAWS OF THE STATE."
THE TEST TO DETERMINE WHETHER A PERSON IS A PUBLIC OFFICER WAS SET FORTH IN OKLAHOMA CITY V. CENTURY INDEMNITY COMPANY, 62 P.2D 94 (OKLA.1936) WHEN THE COURT STATED:
 "MANY AUTHORITIES HOLD THAT THE CHIEF ELEMENTS OF A PUBLIC OFFICE ARE: (A) THE SPECIFIC POSITION MUST BE CREATED OR AUTHORIZED BY LAW; (B) THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT; AND (C) THEY MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER."
THE SUPREME COURT HAS HELD THAT A MEMBER OF A BOARD OF EDUCATION MEETS THIS THREE-PRONGED TEST AND IS REGARDED AS A PUBLIC OFFICER. GIBSON V. CROWDER, 165 P.2D 628 (OKLA.1946); WIMBERLY V. DEACON, 144 P.2D 447 (OKLA.1943). THE ATTORNEY GENERAL HAS CONSISTENTLY HELD THAT A SCHOOL BOARD MEMBER IS A PUBLIC OFFICER. A.G. OPIN. 83-049, A.G. OPIN. 83-220, A.G. OPIN. NO. 81-064, A.G. OPIN. NO. 79-041.
A CITY PLANNING COMMISSION MEMBER HAS ALSO BEEN FOUND TO BE A PUBLIC OFFICER. A.G. OPIN. 75-136, A.G. OPIN. 77-179, A.G. OPIN. 66-353. AS YOU CAN SEE FROM THE ANALYSIS OF THESE PRIOR OPINIONS, THE FACT THAT A CITY PLANNING COMMISSION MEMBER MAY SERVE WITHOUT COMPENSATION DOES NOT PREVENT THAT MEMBER FROM HOLDING AN "OFFICE." EVEN THOUGH THE PLANNING COMMISSION IS ADVISORY AND ONLY RECOMMENDS TO THE CITY COUNCIL, ITS MEMBERS ARE CHARGED NEVERTHELESS WITH A PUBLIC DUTY AND MEET THE THREE-PRONGED TEST OF A "PUBLIC OFFICE" AS SET FORTH ABOVE.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED ATTORNEY THAT A MEMBER OF A CITY PLANNING COMMISSION IS A PUBLIC OFFICER UNDER 51 O.S. 6 (DUAL OFFICE HOLDING) AND IS PROHIBITED FROM SIMULTANEOUSLY SERVING AS A LOCAL SCHOOL BOARD MEMBER.
(GAY ABSTON TUDOR)